UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKI MILLER,

    **Plaintiff,**

v.                                                            Case No. 8:25-cv-1670-KKM-AAS

**AMERICAN UNITED LIFE**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

# ORDER

      Plaintiff Vicki Miller requests to conduct discovery beyond the scope of the administrative record. (Doc. 22). Defendant American United Life Insurance Company (American) is unopposed.

      Ms. Miller is seeking long term disability (LTD) benefits from her employer Duckworth Morris Realty Company, Inc. through a disability plan funded by a policy of insurance issued by American. (Doc. 22, p. 1). The LTD claim is governed by the Employee Retirement Income Security Act (ERISA).

      The scope of discovery is dependent on the standard of review. *See Kirwan v. Marriott Corp.*, 10 F.3d 784, 789 (11th Cir. 1994) (holding under the *de novo* standard the court's review "is not limited to facts available to the Administrator at the time of the determination"); *Crume v. Metro. Life Ins. Co.*, 388 F. Supp. 2d 1342, 1345 (M.D. Fla. 2005), *aff'd*, 387 F. Supp. 2d 1212 (M.D.

1

Fla. 2005) (finding under the arbitrary and capricious standard of review the court's review is limited to information known by the administrator, and "[t]his information can be obtained only through reasonably limited discovery"). In turn, the standard of review is dependent upon the grant of discretionary authority under the disability plan documents. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 102 (1989) ("a denial of benefits challenged under § 1132(a)(1)(B) must be reviewed under a *de novo* standard unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms, in which cases a deferential standard of review is appropriate").

Ms. Miller seeks to obtain the applicable plan documents through discovery. (Doc. 22, p. 3). The parties, without agreeing to which standard of review applies to this case, agree to conduct limited discovery as if the "arbitrary and capricious" standard of review applies. Limited discovery is available when the arbitrary and capricious standard of review applies. *See Cerrito v. Liberty Life Insurance Company of Boston*, 209 F.R.D. 663, 664 (M.D. Fla. 2002) (finding in ERISA actions courts generally permit limited discovery into certain issues even when the arbitrary and capricious standard applies). In *Cerrito*, the court noted in ERISA actions under the arbitrary and capricious standard, discovery is generally permitted into the following areas:

2

1) the exact nature of the information considered by the fiduciary in making the decision;

2) whether the fiduciary was competent to evaluate the information in the administrative record;

3) how the fiduciary reached its decision;

4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and

5) to determine whether a conflict of interest existed.

*Id.*

The parties agree to limit the scope of discovery to the issues identified in *Cerrito*, subject to American reserving the right to object to individual discovery requests, including the format of such requests. (Doc. 22, p. 9).

Therefore, Ms. Miller's request for limited discovery, "so that [she] can support her claim that the decision by [American] was tainted by self–interest and/or that the decision was arbitrary and capricious," is **GRANTED**. (Doc. 22, p. 10). Ms. Miller may depose American's corporate representative limited to the following inquires, which are limited to the issues identified in *Cerrito* and agreed to by the parties:

1. The exact nature of the information considered by the fiduciary in making the decision.

2. Whether the fiduciary was competent to evaluate the information in the administrative record.

3. How the fiduciary reached its decision.

3

4. Whether given the nature of the information in the record it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "full and fair review" of the claim.

5. Whether a conflict of interest exists.

6. To determine the proper standard of review.

7. Whether the Defendant followed proper procedures in reviewing and denying the Plaintiff's claim.

8. Whether the record is complete.

(Doc. 22, p. 9).

**ORDERED** in Tampa, Florida on November 24, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4